UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JESUS GONZALEZ

      Plaintiff,

vs.

DURBAN-SEGNINI GALLERY, INC,
DESIGNERS PLUMBING AND HARDWARE, INC,
and 3070-3072 PROPERTIES, LLC.

      Defendants.

_____/

## **COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, Jesus Gonzalez, by and through his undersigned counsel, hereby sues Defendants, Durban-Segnini Gallery, Inc., Designers Plumbing and Hardware, Inc., and 3070-3072 Properties, LLC., for injunctive relief pursuant to 42 U.S.C. §12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## **JURISDICTION**

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.      Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.      Defendants, Durban-Segnini Gallery, Inc., Designers Plumbing and Hardware, Inc., and 3070-3072 Properties, LLC, are authorized to conduct and conduct business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4.      Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.      Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

6.      Defendant, Durban-Segnini Gallery, Inc, is a Florida for profit corporation authorized to and doing business within the state of Florida, which upon information and belief is the owner and operator of the art gallery Durban-Segnini Gallery, located within this district at 3072 SW 38th Avenue, Miami, FL 33146, and subject to this action, and referenced hereto as "Durban-Segnini" or "Operator".

7.      Defendant, Designers Plumbing and Hardware, Inc., is a Florida for profit corporation authorized to and doing business within the state of Florida, which upon information and belief is the owner and operator of the plumbing supply store Designers Plumbing and Hardware, located within this district at 3070 SW 38th Avenue, Miami, FL 33146, and subject to this action, and referenced hereto as "Designers Plumbing" or "Operator".

8.      Defendant, 3070-3072 Properties, LLC, is a Florida Limited Liability Company, authorized to and doing business within the state of Florida which upon information and belief is

the owner of a commercial real property identified as Folio: 01-4117-003-2040, with the post address of 3070 SW 38th Avenue, Miami, FL 33146, which is built out as the Durban-Segnini Gallery, and the Designers Plumbing and Hardware sore, and referred hereto as "3070-3072 Properties" or "Lessor."

## FACTS

9.      Defendant, Durban-Segnini Gallery, Inc, is the owner and operator of the art gallery located at 3072 SW 38th Avenue, Miami, FL 33146, and open to the general public. As such, a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

10.      As the owner/operator of an art gallery, which is open to the public, Defendant, Durban-Segnini Gallery, Inc, is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, and/or operates an art gallery; 42 U.S.C. §12182, §12181(7)(H) and 28 C.F.R. §36.104(5) & (6).

11.      Defendant, Designers Plumbing and Hardware, Inc, is the owner and operator of the plumbing supply store located at 3070 SW 38th Avenue, Miami, FL 33146, and open to the general public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and it's implementing regulation as defined by 42 U.S.C. §12181(7), §12182, and 28 C.F.R. §36.104.

12.      As the owner/operator of a store, which is open to the public, Defendant, Designers Plumbing and Hardware, Inc, is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, and/or operates a store; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5) & (6).

Gonzalez v. 3070-3072 Properties
Complaint for Injunctive Relive

13.     At all times material hereto, Defendant, 3070-3072 Properties, LLC, has leased its commercial property to Defendant, Durban-Segnini Gallery, who in turn has operated (and continues to operate) its art gallery within that leased space, and to Defendant, Designers Plumbing who in turn has operated (and continues to operate) its store within that leased space.

14.     On January 4, 2025, Plaintiff personally visited the Durban-Segnini Gallery and , Designers Plumbing store to inquire and/or use of their services, and to test for compliance with the ADA/ADAAG, but since he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Subject Property

15.     Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendants, Durban-Segnini and Designers Plumbing, owners and operators of the business at the Subject Property. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by all Defendants, the operators of Durban-Segnini art gallery and Designers Plumbing store, and by the owner of the commercial property, 3070-3072 Properties, which houses the Durban-Segnini art gallery and Designers Plumbing store.

16.      As the owner and operator of an art gallery, Defendant, Durban-Segnini Gallery, Inc., is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

17.     As the owner and operator of a store, Defendant, Designers Plumbing and Hardware, Inc., is aware of the ADA and the need to provide equal access to all areas of its facilities. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its facility is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

18.     As the owner of commercial property which built out and utilized as an art gallery and a plumbing supply store, establishments that provide goods/services to the general public, Defendant, 3070-3072 Properties, LLC, is also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

19.     As the owner of commercial property which is built as a public accommodation, "3070-3072 Properties", is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

20.     As a result of the joint and several discriminations by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

21.     Plaintiff continues to desire to patronize and/or test the art gallery operated by Durban-Segnini, and the plumbing supply store operated by Designers Plumbing, and located at the commercial property owned by "3070-3072 Properties", but continues to be injured, in that

he continues to be discriminated against due to the barriers to access the commercial property which are in violation of the ADA.

22.    Any and all requisite notice has been provided.

23.    Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

24.    The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

25.    Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

26.    Prior to the filing of this lawsuit, Plaintiff personally visited the Durban-Segnini Gallery and, Designers Plumbing store with the intention to test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation

because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

27.     Defendants, Durban-Segnini Gallery, Inc., Designers Plumbing and Hardware, Inc., and 3070-3072 Properties, LLC., have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the Subject Property in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, the benefits of, all the accommodations and services offered at the Durban-Segnini Gallery and at the Designers Plumbing store.

29.     Defendants are jointly and singularly governed by the ADA and must comply therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

30.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31.     Defendant, 3070-3072 Properties, LLC, owner of the commercial property, which houses Defendants, Durban-Segnini Gallery, Inc., and Designers Plumbing and Hardware, Inc,

are in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq,* and all

Defendants, Defendants, Durban-Segnini Gallery, Inc., and Designers Plumbing and Hardware,

Inc, (operators) and Defendant, 3070-3072 Properties, LLC, (owner of the commercial property)

(jointly and severally), are discriminating against Plaintiff as a result of *inter alia*, the following

specific violations:

**Parking Lot & Accessible Route**

i.    The parking facility does not provide compliant directional and informational signage to
      a compliant accessible parking space violating Section 4.6.4 of the ADAAG and Section
      216.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The plaintiff had difficulty exiting the vehicle. Violation: The parking area does not have
      the minimum number of compliant accessible parking spaces required Section 4.6.3 of
      the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily
      achievable.

iii.  Plaintiff had difficulty travelling to the building from parking lot. Violation: There is
      currently no existing accessible route to help persons with disabilities safely maneuver
      through the parking facility violating Section 4.3.7, 4.7.2 of the ADAAG and Section
      206.2, 403.3, 406 of the 2010 ADA Standards, whose resolution is readily achievable

iv.   The entrance door only has stairs to access the business. This entrance is inaccessible and
      does not have signage posted indicating the location of an accessible entrance. This is a
      violation of Section 216.6 of the 2010 ADA Standards. The step represents an
      insurmountable barrier to independent entry to the Durban-Segnini Gallery and the
      Designers Plumbing store by the Plaintiff and other individuals who use wheelchairs or
      electronic scooters, and is in violation of 28 C.F.R. Part 36, Section 4.7; and Section
      206.2.1 and 206.4 of the 2010 ADA Standards for Accessible Design.

**Gonzalez v. 3070-3072 Properties**
**Complaint for Injunctive Relive**

## Designers Plumbing and Hardware, Inc., at 3070 SW 38th Ave



Gonzalez v. 3070-3072 Properties
Complaint for Injunctive Relive

**Durban-Segnini Gallery, Inc., at 3072 SW 38th Ave**



Gonzalez v. 3070-3072 Properties
Complaint for Injunctive Relive



24.     Plaintiff believes that an inspection of the subject premises will reveal other violations of the ADA and ADAAA as to Defendants, Durban-Segnini Gallery, Inc., and Designers Plumbing and Hardware, Inc, (lessees) and Defendant, 3070-3072 Properties, LLC, (owner/lessor) (jointly and severally). Pursuant to 42 U.S.C. §12101*et seq*., and 28 C.F.R. §36.304, the Defendants are required to make the Durban-Segnini art gallery and Designers Plumbing store and commercial space, located at 3070 SW and 3072 SW 38th Avenue, Miami, FL 33146, accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

25.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and businesses therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Durban-Segnini Gallery, Inc., Designers Plumbing and Hardware, Inc, and 3070-3072 Properties, LLC, and requests following injunctive and declaratory relief:

a.  The Court declared that Defendant has violated the ADA;

b.  The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c.  The Court enters an Order requiring Defendant to alter the commercial property used as thebusinesses located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d.  The Court award reasonable costs and attorneys' fees; and

e.  The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted on January 29, 2025.

By: */s/ J. Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
**J. COURTNEY CUNNINGHAM, PLLC.**
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2025, an electronic copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all parties and Counsel of record.

By: /s/ J. Courtney Cunningham
Juan Courtney Cunningham, Esq.
FBN: 628166
**J. COURTNEY CUNNINGHAM, PLLC.**
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com